**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN MICHAEL DELEMAN,

          Plaintiff,

    v.

HIGHLEVEL, INC.,

          Defendant.

CIVIL ACTION NO. 3:25-CV-01284

(MEHALCHICK, J.)

## MEMORANDUM

Plaintiff John Michael Deleman ("Deleman") initiated this action against Defendant HighLevel, Inc. ("HighLevel") on July 9, 2025, in the Luzerne County Court of Common Pleas. (Doc. 1-2). On July 14, 2025, HighLevel removed this action to the Court. (Doc. 1). On July 25, 2025, the Court granted HighLevel's motion to compel arbitration and stayed this action pending arbitration. (Doc. 41). Before the Court is Deleman's third motion to lift the stay. (Doc. 52). For the following reasons, Deleman's motion is **DENIED**.

### I.   FACTUAL BACKGROUND

Deleman is a businessman who operates Elite Marketing Authority Co. ("EMA"), a marketing SaaS business.[1] (Doc. 1-2, at 3). HighLevel is a digital services provider and platform which provides marketing agencies with various tools to design websites, manage social media, manage client-relations, and manage client communications. (Doc. 1-2, at 3).

---

[1] "SaaS" stands for "software as a service" and is a software distribution method in which a service provider gives customers access through the internet to applications, usually ones developed and owned by the provider. *SaaS*, Dictionary.Com, DICTIONARY.COM, https://www.dictionary.com/browse/saas (last visited Apr. 30, 2026).

Deleman and EMA utilized HighLevel's platform and services beginning in 2019. (Doc. 22, ¶¶ 1, 15). On November 30, 2024, Deleman encountered HighLevel's terms of service and clicked a box accepting those terms of service to obtain a fifty percent discount on HighLevel's services. (Doc. 14-5, ¶¶ 1, 15; Doc. 22, ¶¶ 1, 15). HighLevel's terms of service contained an arbitration provision. (Doc. 14-6, at 51). On June 17, 2025, HighLevel terminated Deleman's account on the platform, blocked Deleman from accessing its platform, and ceased all services it provided Deleman and EMA. (Doc. 10-9, at 3). On July 9, 2025, Deleman filed a complaint alleging various claims against HighLevel under Pennsylvania law. (Doc. 1-2). On July 15, 2025, Deleman filed an emergency motion for a temporary restraining order and preliminary injunction requesting the Court order HighLevel to reinstate Deleman's accounts and enjoin it from further interfering with Deleman's business operations. (Doc. 3). On July 16, 2025, HighLevel filed a motion to compel arbitration. (Doc. 14). On July 25, 2025, the Court issued a memorandum and accompanying order denying Deleman's motion for a temporary restraining order and preliminary injunction, granting HighLevel's motion to compel arbitration, and staying this case pending the outcome of arbitration. (Doc. 40; Doc. 41).

Before filing the instant third motion to lift stay, Deleman filed two other motions to lift the stay which the Court denied because there had not been a final decision by an arbitrator in this case. (Doc. 42; Doc. 47; Doc. 48; Doc. 49, Doc. 51). On February 10, 2025, Deleman filed the instant motion. (Doc. 52). On February 17, 2026, HighLevel filed a brief in opposition. (Doc. 53). Deleman did not file a timely reply brief.

## II.   LEGAL STANDARD

"The decision to stay litigation . . . pending the outcome of a related arbitration is one left to the discretion of the district court." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d

196, 199 (3d Cir. 1988). Whether to lift a stay is at the discretion of the Court and "'[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay.'" *Sager v. Allied Interstate, LLC*, No. 3:18-CV-220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)); *see Piazza v. Young*, No. 4:19-CV-00180, 2023 WL 1994388, at *2 (M.D. Pa. Feb. 14, 2023) (finding that district courts have discretion over whether to lift stays and will grant a motion to lift a stay if the circumstances justifying the stay have changed); *see also McCall v. Avco Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (finding the same). "[W]here there are no new circumstances that impose hardship on the [movant] or that change the court's earlier disposition imposing the stay, the [movant]'s motion to lift [or modify] the stay should be denied." *KGaA v. Hopewell Pharma Ventures, Inc.*, No. CV 22-1365, 2025 WL 894551, at *3 (D. Del. Mar. 24, 2025) (internal citations and quotations omitted); *see Piazza*, 2023 WL 1994388, at *3 (denying a motion to lift a stay where the circumstances around the stay had not changed).

III.    **DISCUSSION**

Deleman avers that the Court should lift the stay because he attempted to proceed with arbitration before the American Arbitration Association (the "AAA"), the AAA told him that he could only proceed if he paid a filing fee of $8,700, the AAA denied his request for a fee waiver, and the AAA administratively closed his arbitration matter after he did not pay the fee. (Doc. 52, at 1-2). The Federal Arbitration Act ("FAA") requires courts to stay a case pending arbitration until "such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Where a district court stays a matter pending arbitration, the court should not lift the stay until the arbitrator makes a final determination. *See Lloyd v. HOVENSA,*

*LLC.*, 369 F.3d 263, 270 (3d Cir. 2004) (stating "if a district court determines that arbitration of a claim is called for, the judicial system's interference with the arbitral process should end unless and until there is a final award"); *see also Wolf v. Nissan Motor Acceptance Corp.*, No. CIV. 10-3338, 2015 WL 733237, at *7 (D.N.J. Feb. 20, 2015) (denying a motion to lift stay after the arbitrator concluded a party withdrew his arbitration request after not paying a fee because the parties could return to arbitration). "'[G]enerally, an arbitrator's decision is considered final when the arbitrator has completed his determination of every issue submitted by the parties.'" *Verizon Pennsylvania LLC v. Commc'ns Workers of Am.*, 216 F. Supp. 3d 530, 534 (E.D. Pa. 2016) (quoting *Millmen Loc. 550, United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1376 (9th Cir. 1987)).

Under the relevant arbitration agreement, Deleman and HighLevel must engage in arbitration "administered by the American Arbitration Association in accordance with Commercial Arbitration Rules, then in effect. This arbitration provision is governed by the Federal Arbitration Act. The arbitration proceedings shall be held in Dallas, Texas. Any arbitration award may be entered in a court of competent jurisdiction." (Doc. 14-6, at 53). Courts must apply the AAA's rules for arbitration where an arbitration agreement, like the one at issue, states that the AAA's rules govern. *See Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020). AAA Commercial Rule of Arbitration 55 provides that the party seeking to initiate arbitration is responsible for paying administrative fees "subject to final apportionment by the arbitrator in the award" and that the "AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees." *Commercial Arbitration Rules and Mediation Procedures R-55,* AAA, https://www.adr.org/media/1wanubnp/2025_commercialrules_web.pdf (last accessed

April 27, 2026) ("AAA Rule 55"). The AAA fee schedule establishes set ranges of administrative fees based on award a party seeks. *Commercial Arbitration Rules And Mediation Procedures                Administrative                Fee                Schedule*,                AAA https://www.adr.org/media/pfubh1we/2025_commercial-arbitration-fee-schedule.pdf (last accessed April 27, 2026) ("AAA Fee Schedule"). The AAA also provides a fee waiver form for individuals and small businesses. American Arbitration Association Affidavit In Support of Administrative Fees Hardship Waiver – Small Business Owner, AAA https://www.adr.org/media/dfbhevx1/2025_support_of_hardship_waiver_of_fees_busines s.pdf (last accessed April 27, 2026) ("AAA Waiver Form").

The arbitrator is responsible for interpreting the AAA's procedural rules, and Courts should not interfere with arbitration proceedings based on speculation as to how the arbitrator will interpret procedural matters. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (stating "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide" (citations and internal quotations omitted)); *see also Wolf*, 2015 WL 733237, at *7 (finding that courts must defer to AAA arbitrators on procedural issues such as the payment of administrative fees and that a court may not speculate as to how the AAA arbitrator will rule on challenges to the imposition of a fee); *see also Viatech Inc. v. DCS Corp.*, No. CIV. 14-4603, 2014 WL 5089740, at *3 (D.N.J. Oct. 9, 2014) (noting that the arbitrator, not the Court, is responsible for interpreting and applying the AAA's procedural rules).

Deleman contends that the Court should lift the stay because he filed a request for arbitration, the AAA demanded payment of a $8,700 fee as a condition precedent to arbitration, the AAA denied his request for waiver, and the AAA closed his arbitration

5

proceedings after he could not pay the fee. (Doc. 52, at 5). Deleman submits a letter from the AAA administratively closing his arbitration matter. (Doc. 52-1). In the letter, the AAA informed Deleman that "the filing requirements [to initiate arbitration] have not been met. The filing deficiency has not been cured. Accordingly, we have administratively closed our file." (Doc. 52-1, at 2). The AAA further informed Deleman that he could resubmit the matter should he provide "requisite information along with the appropriate filing fee." (Doc. 52-1, at 2). Thus, the AAA letter explicitly informs Deleman that he may resubmit his request and lifting the stay would be premature because there has yet to be a final determination by an arbitrator. (Doc. 52-1, at 2); *see Lloyd*, 369 F.3d at 270 (noting that a court should not interfere with arbitration proceedings until an arbitrator makes a final determination); *see also Wolf v. Nissan Motor Acceptance Corp.*, 2015 WL 733237, at *7 (declining to lift a stay where the parties could return to arbitration after resolving a dispute over arbitration fees).

Deleman contends that even if there is not a formal final arbitration determination, arbitration is not available "in practice." (Doc. 52, at 3). Deleman further argues that if the Court does not lift the stay, it should order HighLevel to pay the arbitration fees because it was HighLevel who moved to compel arbitration and Deleman cannot realistically proceed due to the high fees. (Doc. 52, at 4-5). In support of his contention that court action is required because arbitration is not practically available, Deleman presents 1) an AAA waiver form asserting his business has zero assets, zero income, and he has only $1,467 in total assets, 2) a declaration from himself declaring that the AAA's fee schedule requires him to pay a $8,700 fee, and 3) the denial letter's statement that if he "decide[s] to resubmit this matter, [me must] provide all the requisite information along with the appropriate filing fee." (Doc. 52-1, at 2; Doc. 52-2; Doc. 52-3). The Court cannot find that the AAA's fee schedule prohibits Deleman

from proceeding with arbitration or order HighLevel to pay the fee because it is for the AAA, not the Court, to determine whether Deleman must pay a $8,700 fee if he were to refile or whether to waive or defer the fee requirement. *See Howsam*, 537 U.S. at 84; *see also Wolf*, 2015 WL 733237, at *7; *see also Viatech Inc.*, 2014 WL 5089740, at *3. Based on the Court's review of the AAA rules, and Deleman's filings, the AAA may not necessarily require Deleman to pay $8,700 if he were to refile.

The AAA emphasized to Deleman that not only should future filings be accompanied by "the appropriate filing fee" but that it must have "all requisite information" which indicates that Deleman's filing was also deficient due to a missing information. (Doc. 52-1, at 2). Further, the letter requested that Deleman submit the "appropriate filing fee" upon refiling, not $8,7000 specifically. (Doc. 52-1, at 2). It is possible that if Deleman submits further information or modifies his request, the required fee could change. To that end, the AAA's waiver form states that the AAA may deny submissions due to "incomplete and misleading information" and allows applicants space to explain financial factors they wish to consider. AAA Waiver Form. Looking to Deleman's filings, he appears to have submitted incomplete and inconsistent information. (Doc. 52-3). For example, Deleman states both that he has zero dollars of gross pay/wages and take-home pay after taxes but that he also makes approximately $150 per month. (Doc. 52-3, at 2). The Court further notes that the AAA fee schedule only requires petitioners to pay an administrative fee of over $8,000 where a petitioner raises a claim of over one million dollars. *See* AAA Fee Schedule. Deleman's complaint alleges that he is entitled to over a million dollars because prior to HighLevel removing him from its platform, his business was making up to $18,802 a month. (Doc. 1-2, at 4). Deleman's form does not explain the discrepancy between the assets listed in his form

7

and the profits he claims to have made in his complaint. (Doc. 52-3). Per the AAA's letter to Deleman, Deleman remains free to resubmit his request for arbitration and provide more complete information. (Doc. 52-1, at 2). Under the AAA's rules and fee schedule, the AAA may reduce the fees required if Deleman reduces the amount of damages sought or provides complete information showing why the AAA should reduce or defer his administrative fees and explaining the discrepancy between the amount of assets he claims he has versus the amount of revenue he claims he was making in his complaint. *See* AAA Rule 55 (stating "[t]he AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees"); *see also* AAA Fee Schedule (setting the amount of fees required based on the amount sought). The decision to defer or reduce fees is for the AAA to determine upon Deleman's resubmission, and the Court may not speculate as to how the AAA will interpret its own rules. *See Howsam*, 537 U.S. at 84; *see also Wolf*, 2015 WL 733237, at *7; *see also Viatech Inc.*, 2014 WL 5089740, at *3. Accordingly, the Court **DENIES** Deleman's motion to lift the stay and **DIRECTS** the parties to return to arbitration. (Doc. 52). The Court further **DENIES** Deleman's alternative request for the Court to order HighLevel to pay the arbitration fees. (Doc. 52, at 4-5). The Court further advises Deleman that this is the third time he has attempted to lift the stay prior to a final determination by an arbitrator and that he should only re-request the Court lift the stay after a final determination by an arbitrator.

An appropriate Order follows.

**BY THE COURT:**

**Dated: May 5, 2026**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**